MAYOR AND COUNCIL OF HOBOKEN *vs.* IVISON AND PHINNEY.

1. A township committee cannot lawfully expend for other purposes than those of education the moneys raised or appropriated for a school fund.

2. Money raised and placed in the hands of an officer for a specific purpose cannot be lawfully applied to any other purpose.

3. By the charter of the city of Hoboken, when the city was incorporated it became liable for all the lawful debts of the township.

In error to the Hudson Circuit.

Argued at June Term, 1860, before Justices OGDEN, HAINES, and VAN DYKE.

*Lyon* and *Scudder*, for plaintiffs in error.

*Zabriskie*, for defendants.

The opinion of the court was delivered by

HAINES, J. Of the three questions submitted to this court, the answer to one is sufficient to determine the cause. The question in effect is, whether the township committee may lawfully expend for other purposes than for those of education the moneys raised or appropriated for a school fund.

The answer is, that as well by the force of the statute as by the general principles of law, they cannot.

The 5th section of the act to establish public schools, (*Nixon* 784, *pl.* 12,) authorizes the election of a town superintendent of public schools.

The 10th section requires him to give bond for the faithful performance of his duties, and authorizes him to receive from the township collector all moneys appropriated to school purposes.

The 20th section requires that all moneys received by the town superintendent shall be applied by him exclusively to the purposes of education.

The 13th section, *pl.* 20, makes it his duty, within ten days after the expiration of his office, to render to his successor in office a just and true account of all the moneys received by him before the time of rendering the account, and of the manner in which the same has been appropriated and expended by him; and if any balance shall be found remaining in his hands, the same shall be immediately paid over by him to his successor in office.

From these provisions of the statute, it is manifest that the moneys raised and appropriated for the purposes of education were meant to be a distinct fund, and not to go into the general funds of the township, nor to be expended by any officer but the superintendent, and for no other than for the purposes of education.

City of Hoboken v. Phinney.

The balance remaining in his hands at any one year is to be paid over to his successor in office for like uses the following year.

Upon general principles of law, a fund raised for a specific purpose, and placed in the hands of an officer for such specific purpose, cannot lawfully be applied to any other. Any such other appropriation would be a violation of the trust, and so contrary to law.

On inspecting the account of the town superintendent, it appears that he received, on 17th April, 1854, from his predecessor in office,.................. ......... ......... ......... ...  $10 47

On the 1st of May, from the collector,.............  558 06

On the 11th of July, from state school fund,......  208 06

$776 59

That up to November 17th, when the last item of the account in question was charged, he had paid out only.................. ......... ......... ......... ...  539 86

Leaving in his hands a balance of.................. .........  $236 73

This was more than the amount of the plaintiffs' bill for books and stationery, purchased by order of the trustees, who had authority to procure and supply to the schools such books as they and the superintendent might select.

The debt in question was contracted by the trustees, having lawful authority for the purpose. There were, or ought to have been, funds in the hands of the superintendent to meet it; and if the inhabitants of the township, by its officers, applied that fund to other purposes they became liable for the debt.

This being a lawful debt due from the township in 1855, when the township was created a city, by the express terms of their charter of incorporation the city became liable for the debt.

The judgment, in my opinion, should be affirmed, with costs.